IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

GREGORY EDWARD KUCERA (III),
CENTRAL INTELLIGENCE AGENCY,

    Plaintiffs,

vs.                                                                                No. CIV 17-1228 JB/KK

UNITED STATES OF AMERICA,

    Defendant.

## MEMORANDUM OPINION AND ORDER OF DISMISSAL

**THIS MATTER** comes before the Court, under 28 U.S.C. § 1915 and rule 12(h)(3) of the Federal Rules of Civil Procedure, on: (i) the Plaintiff's Civil Rights Complaint Pursuant to 42 U.S.C. § 1983, filed December 14, 2017 (Doc. 1)("Complaint"); (ii) the Plaintiff's Application to Proceed in District Court without Prepaying Fees or Costs, filed December 14, 2017 (Doc. 2)("Application"); and (iii) the Plaintiff's Motion for Hearing, filed January 5, 2018 (Doc. 11). Plaintiff Gregory Edward Kucera appears pro se. For the reasons below, the Court will: (i) grant Kucera's Application; (ii) deny Kucera's Motion for Hearing; and (iii) dismiss this case without prejudice for lack of subject-matter jurisdiction

## PROCEDURAL BACKGROUND

Kucera's response to the instruction on his civil-rights-complaint form to "[b]riefly state the background of your case" is: "As a representative of the Central Intelligence Agency I need to have Langley appoint a prosecuting attorney to represent me." Complaint at 2. His responses to the instruction to identify the constitutional rights he alleges to have been violated and to state the facts that form the basis for his allegations is "Classified." Complaint at 3. Kucera's response to the phrase "I believe that I am entitled to the following relief" is "Classified."

Complaint at 5. There are no other factual allegations in the Complaint.

Kucera's Application states: (i) his "[a]verage monthly income amount during the past 12 months" was $200.00 in gifts; (ii) he is unemployed; (iii) he has no assets; (iv) his estimated monthly expenses total $120.00; and (v) he has $1,300.00 in a checking account. Application at 1-5. Kucera signed an "Affidavit in Support of the Application," stating that he "is unable to pay the costs of these proceedings" and declaring under penalty of perjury that the information he provided in the Application is true. Application at 1.

On January 5, 2018, Kucera filed a document that states: "Please attach to case no. 1:17-cv-0128-JB-KK [sic] I would like to schedule a hearing within three weeks to determine the course of action the DOJ will be taking on this claim. Thank you. Gregory Edward Kucera Please see attachment for Form 95 enclosed." Motion for Hearing at 1. The attachment is a "Standard Form 95 (REV. 2/2007) Prescribed by Dept. of Justice 28 C.F.R. 14.2" titled "CLAIM FOR DAMAGE, INJURY, OR DEATH." Complaint at 2. Kucera wrote "Classified" in the boxes asking for information regarding the basis of the claim, the nature of the property damage, the nature of the injury or cause of death, and the amount of the claim. Complaint at 2.

## LAW REGARDING PROCEEDINGS IN FORMA PAUPERIS

The statute for proceedings in forma pauperis ("IFP"), 28 U.S.C. § 1915(a), provides that a district court may authorize the commencement of any suit without prepayment of fees by a person who submits an affidavit that includes a statement of all assets the person possesses and that the person is unable to pay such fees.

> When a district court receives an application for leave to proceed in forma pauperis, it should examine the papers and determine if the requirements of § 1915(a) are satisfied. If they are, leave should be granted. Thereafter, if the court finds that the allegations of poverty are untrue or that the action is frivolous or malicious, it may dismiss the case[.]

Menefee v. Werholtz, 368 Fed. App'x 879, 884 (10th Cir. 2010)(unpublished)(citing Ragan v. Cox, 305 F.2d 58, 60 (10th Cir. 1962)). "[A]n application to proceed *in forma pauperis* should be evaluated in light of the applicant's present financial status." Scherer v. Kansas, 263 Fed. App'x 667, 669 (10th Cir. 2008)(unpublished)(citing Holmes v. Hardy, 852 F.2d 151, 153 (5th Cir. 1988)). "The statute [allowing a litigant to proceed in forma pauperis] was intended for the benefit of those too poor to pay or give security for costs . . . ." Adkins v. E.I. DuPont de Nemours & Co., 335 U.S. 331, 344 (1948). While a litigant need not be "absolutely destitute[,] . . . an affidavit is sufficient which states that one cannot because of his poverty pay or give security for the costs . . . and still be able to provide himself and dependents with the necessities of life." Adkins v. E.I. DuPont de Nemours & Co., 335 U.S. at 339 (internal quotation marks omitted). While the district court should not deny a person the opportunity to proceed under 28 U.S.C. § 1915(a) because he or she is not "absolutely destitute," the court may deny permission for a person to proceed IFP where his or her monthly income exceeds his or her monthly expenses by a few hundred dollars. Brewer v. City of Overland Park Police Department, 24 Fed. App'x 977, 979 (10th Cir. 2002)(unpublished)(stating that a litigant whose monthly income exceeded his monthly expenses by a few hundred dollars according to his own accounting appeared to have sufficient income to pay filing fees, and, thus, was not entitled to IFP status).[1]

The district court may grant a motion to proceed IFP even if the complaint fails to state a claim and the court must thereby dismiss the complaint pursuant to 28 U.S.C. § 1915(e)(2). See

---

[1]At the time of the ruling in Brewer v. City of Overland Park Police Department, the filing fee for the appeal was $100.00. See 28 U.S.C. § 1913 (2001) Judicial Conference Schedule of Fees. Brewer's monthly income exceeded his monthly expenses by $242.00. See Brewer v. City of Overland Park Police Department, No. 01-3055, Appellant's Motion for Leave to Proceed on Appeal Without Prepayment of Costs or Fees at 3-7 (10th Cir. May 11, 2001).

Buchheit v. Green, 705 F.3d 1157, 1160-61 (10th Cir. 2012)("There is simply nothing in the language of the statute [§ 1915,] indicating that such a dismissal must occur before the grant of a motion to proceed IFP.").

> [I]f an application to proceed in forma pauperis is supported by papers satisfying the requirements of 28 U.S.C.A. § 1915(a) leave to proceed should be granted, and then, if the court discovers that the action is frivolous or improper or that the allegations of poverty are untrue, it can dismiss the proceeding under 28 U.S.C.A. § 1915(d).

Oughton v. United States, 310 F.2d 803, 804 (10th Cir. 1962)(citations omitted).

The district court has the discretion to dismiss an IFP complaint sua sponte under § 1915(e)(2) "at any time if the action . . . is frivolous or malicious; [or] fails to state a claim upon which relief may be granted." 28 U.S.C. § 1952(e)(2). The district court also may dismiss a complaint sua sponte under rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile." Hall v. Bellmon, 935 F.2d 1106, 1109 (10th Cir. 1991)(quoting McKinney v. Okla. Dep't of Human Servs., 925 F.2d 363, 365 (10th Cir. 1991)). A plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). In reviewing the Complaint, the district court applies the same legal standards applicable to pleadings that an attorney drafts, but liberally construes the allegations. See Northington v. Jackson, 973 F.2d 1518, 1520-21 (10th Cir. 1992).

**LAW REGARDING RULE 12(h)(3) AND SUBJECT-MATTER JURISDICTION**

It is a fundamental precept of American law that the federal courts are "courts of limited jurisdiction." Exxon Mobil Corp. v. Allapattah Servs., Inc., 545 U.S. 546, 552 (2005). Federal courts "possess only that power authorized by Constitution and statute." Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994). Among the powers that Congress has bestowed

upon the courts is the power to hear controversies arising under federal law -- federal question jurisdiction -- and controversies arising between citizens of different states -- diversity jurisdiction. See 28 U.S.C. §§ 1331 and 1332.

Pursuant to rule 12(h)(3) of the Federal Rules of Civil Procedure, "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3). Objection to a federal court's subject-matter jurisdiction "may be raised by a party, or by a court on its own initiative, at any stage in the litigation, even after trial and the entry of judgment." Arbaugh v. Y & H Corp., 546 U.S. 500, 506 (2006). See Kontrick v. Ryan, 540 U.S. 443, 455 (2004)("A litigant generally may raise a court's lack of subject-matter jurisdiction at any time in the same civil action, even initially at the highest appellate instance."); Mansfield, Coldwater & Lake Mich. Ry. Co. v. Swan, 111 U.S. 379, 382 (1884)(holding that the nature and limits of federal judicial power require the court to raise the issue of subject-matter jurisdiction sua sponte).

Whenever the court lacks jurisdiction of the subject matter involved in an action, the court must dismiss the action. See Tuck v. United Services Auto. Ass'n, 859 F.2d 842, 844 (10th Cir. 1988). The party seeking the exercise of jurisdiction bears the burden of establishing jurisdiction and "must allege in his pleading the facts essential to show jurisdiction." United States ex rel. General Rock & Sand Corp. v. Chuska Dev. Corp., 55 F.3d 1491, 1495 (10th Cir. 1995)(citation and internal quotations omitted). In determining whether a party has adequately presented facts sufficient to establish jurisdiction, the court should look to the complaint's face, see Whitelock v. Leatherman, 460 F.2d 507, 514 (10th Cir. 1972), accepting the well-pleaded factual allegations as true, see United States v. Rodriguez-Aguirre, 2634 F.3d 1195, 1203 (10th Cir. 2001), but ignoring conclusory allegations of jurisdiction, see Groundhog

v. Keeler, 442 F.2d 674, 677 (10th Cir. 1971). "[D]ismissals for lack of jurisdiction should be without prejudice because the court, having determined that it lacks jurisdiction over the action, is *incapable* of reaching a disposition on the merits of the underlying claims." Brereton v. Bountiful City Corp., 434 F.3d 1213, 1218 (10th Cir. 2006).

## LAW REGARDING PRO SE LITIGANTS

When a party proceeds pro se, a court construes his or her pleadings liberally and holds them "to a less stringent standard than [that applied to] formal pleadings drafted by lawyers." Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991). "[I]f the Court can reasonably read the pleadings to state a valid claim on which [petitioner] could prevail, it should do so despite [his] failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." Hall v. Bellmon, 935 F.2d at 1110. The Court will not, however, "assume the role of advocate for the pro se litigant." Hall v. Bellmon, 935 F.2d at 1110. "[P]ro se status does not excuse the obligation of any litigant to comply with the fundamental requirements of the Federal Rules of Civil and Appellate Procedure." Ogden v. San Juan Cty., 32 F.3d 452, 455 (10th Cir. 1994).

## ANALYSIS

Having carefully reviewed the Complaint, the Application, the Motion for Hearing, and the relevant law, the Court will: (i) grant Kucera's Application; (ii) deny Kucera's Motion for Hearing, because the Court is dismissing this case; and (iii) dismiss this case for lack of subject-matter jurisdiction.

The Court will grant Kucera's Application to proceed in forma pauperis, because: (i) he signed an affidavit stating that he is unable to pay the costs of this proceeding and declares under penalty of perjury that the information in his Application is true; and (ii) while Kucera's monthly

income exceeds his monthly expenses, his monthly income is only $200. See Application at 1-5. See also Adkins v. E.I. DuPont de Nemours & Co., 335 U.S. at 339 (stating that, while a litigant need not be "absolutely destitute[,] . . . an affidavit is sufficient which states that one cannot because of his poverty pay or give security for the costs . . . and still be able to provide himself and dependents with the necessities of life").

Although § 1915 provides that the "officers of the court shall issue and serve all process, and perform all duties in [proceedings in forma pauperis]," 28 U.S.C. § 1915(d), the Court will not order service of Summons and Complaint on Defendant, because the Court is dismissing this case for lack of subject-matter jurisdiction.

The Court will dismiss this case without prejudice for lack of subject-matter jurisdiction. See Fed. R. Civ. P. 12(h)(3)("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). Kucera does not allege any facts showing that this Court has subject-matter jurisdiction. See United States ex rel. General Rock & Sand Corp. v. Chuska Dev. Corp., 55 F.3d 1491, 1495 (10th Cir. 1995)(stating that the party seeking the exercise of jurisdiction bears the burden of establishing jurisdiction and "must allege in his pleading the facts essential to show jurisdiction.").

Kucera's silence regarding jurisdiction is particularly problematic insofar as Kucera sues the United States, because, "[a]bsent a waiver, sovereign immunity shields the Federal Government and its agencies from suit," and "[s]overeign immunity is jurisdictional in nature." FDIC v. Meyer, 510 U.S. 471, 475 (1994). See id. ("Indeed, the 'terms of [the United States'] consent to be sued in any court define that court's jurisdiction to entertain the suit." (alteration in original)(quoting United States v. Sherwood, 312 U.S. 584, 586 (1941))). Consequently, Kucera's Complaint "must include a reference to the statute containing an express or implied

waiver of the government's immunity from suit." Charles Alan Wright, Arthur R. Miller et al., Federal Practice and Procedure § 1212 (3d ed. 2017).  That Kucera styles his Complaint as a "CIVIL RIGHTS COMPLAINT PURSUANT TO 42 U.S.C. § 1983," Complaint at 1, does not satisfy that requirement, because § 1983 "authorizes suits only against persons acting under color of state [and not federal] law" and does not waive federal sovereign immunity, Sanchez v. U.S.A.A., Inc., 59 F. Supp. 3d 1285, 1294 (D.N.M. 2014)(Browning, J.).

**IT IS ORDERED** that: (i) the Plaintiff's Application to Proceed in District Court without Prepaying Fees or Costs, filed December 14, 2017 (Doc. 2), is granted; (ii) the Plaintiff's Motion for Hearing, filed January 5, 2018 (Doc. 11), is denied; and (iii) this case is dismissed without prejudice, and Judgment will be entered.

_____
UNITED STATES DISTRICT JUDGE

*Parties*:

Gregory Edward Kucera
Santa Fe, New Mexico

    *Plaintiff pro se*